UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| **DARYL HICKS**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**TTI OUTDOOR POWER EQUIPMENT, INC.**<br><br>*Defendant.* | Case No.: 2:25-cv-13308-DCN<br><br>**CLASS ACTION**<br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff, Daryl Hicks ("Plaintiff"), individually and on behalf of all others similarly situated ("Class"), by and through their attorneys, alleges the following causes of action, upon information and belief, except for those allegations pertaining to Plaintiff, which are based on personal knowledge upon the Defendant, TTI Outdoor Power Equipment, Inc ("TTI" or "Defendant"):

### NATURE OF THE ACTION

1. This is a consumer class action arising out of Defendant TTI Outdoor Power equipment Inc.'s manufacture and sale of "about 764,000 units of the Ryobi Pressure Washer (the "Products") that were made subject to an August 28, 2025 Recall[1].

---

[1] https://www.cpsc.gov/Recalls/2025/TTI-Outdoor-Power-Equipment-Recalls-RYOBI-Pressure-Washers-Due-to-Projectile-Hazard-Risk-of-Serious-Injury

1

2. The Recall involves 3 Model numbers: RY142300, RY142300VNM, RY142711VNM.

3. The capacitor on these models is prone to overheating (the "Defect"). There have been 135 reports of overheating which includes 41 reports of explosions resulting in 32 injuries[2].

4. The Products could be purchased at Home Depot and Direct Tools Factory Outlets both in store and online. The pricing for the recalled pressure washers ranged between $300-$400.

5. The Products were advertised, sold, and installed across the United States without adequate warnings or safeguards related to the Defect. Defendant provided no warning of the Defect, and Plaintiff would not have purchased said item if they had known of the Defect.

6. Other manufacturers formulate, produce, and sell non-defective pressure washers with production methods that do not cause the Products to overheat in a manner that would present safety and fire hazard to users.

7. Feasible alternative formulations, designs, and materials are currently available and were available to Defendant at the time the Products were formulated, designed, and manufactured.

8. All consumers who purchased the worthless and dangerous Products have suffered losses.

9. Defendant's failure to disclose the Defect at the time of sale – and its refusal to assume responsibility for the resulting effects- constitutes consumer deception,

---

[2] Id.

unjust enrichment, breach of contract, and breach of warranties. Plaintiff and the Class would not have purchased the Products, or would have paid significantly less, had they known of the Defect and limited recourse available.

10. As a result of the above losses, Plaintiff seeks damages and equitable remedies on behalf of himself and the Class.

## FACTUAL BACKGROUND

11. On August 28, 2025, the CPSC issued Recall Notice 25-452 which advised the Recall of three Ryobi Pressure Washer Models suffering from a design defect, in which its capacitors could overheat causing explosions and resulting in numerous, and in some instances, serious injuries[3].

12. The recalled pressure washers are described as Ryobi brushless electric pressure washers and involves three model numbers: RY142300; RY142300VNM; and RY142711VNM.

13. The Product was sold at Home Depot and Direct Tools Factory Outlet stores nationwide and online at www.homedepot.com and www.directtoolsoutlet.com from July 2017 through June 2024.

14. According to the Home Depot in store recall notice, the pressure washers' capacitor can overheat and burst, causing parts to be forcefully ejected, posing a risk of serious injury from impact to the user or bystanders[4].

---

[3] https://www.cpsc.gov/Recalls/2025/TTI-Outdoor-Power-Equipment-Recalls-RYOBI-Pressure-Washers-Due-to-Projectile-Hazard-Risk-of-Serious-Injury

[4] https://dam.thdstatic.com/content/production/QvizcaqgnCXosEz7iC8ysQ/iPQL3ohso1ABlKC6yJTd7Q/Original%20file/Ryobi%20Electric%20Pressure%20Washer%20Recall%20Poster.pdf

15. The CPSC Recall Notice reports 41 explosions and 32 injuries due to the defective capacitor overheating.

16. The Products sold for $300-$400.

17. Despite the Recall, the Defendants are not offering a refund. Instead, they are offering a free repair. This remedy is inadequate. First, there are no assurances that the remedy will be adequate. Second, even assuming a non-defective repair kit, it would require the consumer to properly execute the repair. This effort was not part of the original bargain entered into between plaintiff and defendant when he purchased the pressure washer. A refund is the only adequate remedy.

18. Defendant is a large and sophisticated corporation that has been in the business of producing, manufacturing, selling, and distributing consumer products for many years, including producing and manufacturing the recalled Products.

19. Defendant is in the unique and superior position of knowing how its products are manufactured and the steps needed to produce safe products.

20. Indeed, the Product was sold for nearly seven years before issuing a recall. During that time 32 people were injured; 41 fires occurred exposing consumers to property damages and they had reports of over 130 claims the pressure washers were overheating.

21. Accordingly, Defendant possesses superior knowledge regarding the risks involved in the production and manufacturing, and eventual end-use, of its Products. The only possible way for Plaintiff and the Class Members to discover the Defect would be to conduct their own testing of the Products prior to purchase. No reasonable

consumer would undertake such a testing prior to purchase, nor would any reasonable vendor allow such testing.

22. Defendant has a duty to provide consumers, like Plaintiff and Class Members, with accurate information about its Products.

23. Thus, Defendant's deceptive omissions regarding the Products' Defect are likely to deceive and mislead consumers and the public, as such omissions have already deceived and misled Plaintiff and the Class Members.

24. Defendant's deceptive omissions are material in that a reasonable person would attach importance to such information and would be induced to act upon such information in making purchase decisions.

25. Plaintiff and the Class Members reasonably relied to their detriment on Defendant's misleading omissions.

26. In making the false, misleading, and deceptive omissions described herein, Defendant knew and intended that consumers would pay a premium for the Products marketed without the likelihood that the Product would unexpectedly explode or overheat over comparable products not so marketed.

27. As an immediate, direct, and proximate result of Defendant's false, misleading, and deceptive representation and omission, Defendant injured Plaintiff and the Class Members in that they:

a. Paid a sum of money for Products that were not what Defendant represented;

b. Paid a premium price for Products that were not what Defendant represented;

c. Were deprived of the benefit of the bargain because the Products they purchased were different from what Defendant warranted;

d. Were deprived of the benefit of the bargain because the Products they purchased had less value than what Defendant represented;

e. Were denied the benefit of the properties of the Products Defendant promised;

28. Had Defendant not made the false, misleading, and deceptive omissions, Plaintiff and the Class Members would not have been willing to pay the same amount for the Products they purchased and, consequently, Plaintiff and the Class Members would not have been willing to purchase the Products.

## JURISDICTION AND VENUE

29. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332, because (1) this is a class action wherein the amount in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs, (2) the action is a class action, (3) there are members of the Class, including Plaintiff, who are citizens of states different from Defendant, and (4) there are more than 100 putative Class Members.

30. This Court has personal jurisdiction over Defendant as it has its principal place of business within South Carolina and within the jurisdiction of this District and Court. Defendant has also purposefully availed itself to the laws, rights, and benefits of the this District.

31. Venue is proper under 28 U.S.C. 1391(b) because Defendant maintains a principal place of business in this District and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in and emanated from this District.

## PARTIES

32. Plaintiff Daryl Hicks is a resident and citizen of Champaign, Illinois. Champaign

6

is located in Champaign County, Illinois.

33.     Plaintiff Hicks purchased the Ryobi electric power washer model RY142711VNM. He purchased the Product at a Home Depot located in the Champaign-Urbana Area. He experienced the pressure washer overheating during ordinary use. Additionally, Plaintiff advises that the water pressure coming out of the hose was not as advertised and was deficient. Counsel believes the overheating capacitor impacts the functionality of the motor which controls the water pressure coming out of the pressure washer.

34.     Defendant is a Delaware Company. However, it has a RYOBI Distribution Center located at 100 Ryobi Drive, Anderson, South Carolina 29621. It's Registered Agent within South Carolina is Corporation Service Company located at 100 Coastal Drive, Suite 210, Charleston, South Carolina 29492.

35.     Defendant specializes in the production of various electrical and home improvement tools and products.

## CLASS ALLEGATIONS

36.     Plaintiff brings this nationwide class action individually, and on behalf of all similarly situated individuals, pursuant to Rule 23(b)(2), 23(b)(3), and 23(c)(4) of the Federal Rules of Civil Procedure.

37.     The Class that Plaintiff seeks to represent is defined as follows:

**Nationwide Class**: "All consumers who purchased Ryobi brushless electric pressure washer model numbers: RY142300; RY142300VNM; and RY142711VNM."

38.     Excluded from the Classes are the following individuals and/or entities: Defendant and Defendant's parents, subsidiaries, affiliates, officers and directors, and any entity in which Defendant has a controlling interest; all individuals who make a timely election to

be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

39.     Plaintiff reserves the right to amend the definitions of the Classes or add a Class or Subclass if further information and discovery indicate that the definitions of the Classes should be narrowed, expanded, or otherwise modified.

40.     <u>Numerosity</u>: Class Members are so numerous that joinder of all members is impracticable. Plaintiff believes that there are thousands of consumers in the Class who are Class Members as described above who have been damaged by Defendant's deceptive and misleading practices. It is estimated that 764,000 unites were recalled.

41.     <u>Commonality</u>: The questions of law and fact common to the Class Members which predominate over any questions which may affect individual Class Members include, but are not limited to:

    a.     Whether Defendant was responsible for the conduct alleged herein which was uniformly directed at all consumers who purchased the Products;

    b.     Whether Defendant's misconduct set forth in this Complaint demonstrates that Defendant has engaged in unfair, fraudulent, or unlawful business practices with respect to the advertising, marketing, and sale of its Products;

    c.     Whether Defendant made false and/or misleading statements and omissions to the Class and the public concerning the contents of its Products;

    d.     Whether Defendant's false and misleading statements and omissions concerning its Products were likely to deceive the public; and

    e.     Whether Plaintiff and the Class are entitled to money damages under the same causes of action as the other Class Member.

42. <u>Typicality</u>: Plaintiff's claims are typical of the claims of each Class Member in that every member of the Class was susceptible to the same deceptive, misleading conduct and purchased Defendant's Products. Plaintiff is entitled to relief under the same causes of action as the other Class Members.

43. <u>Adequacy</u>: Plaintiff is an adequate Class representative because their interests do not conflict with the interests of the Class Members they seek to represent, their consumer fraud claims are common to all members of the Class, they have a strong interest in vindicating their rights, they have retained counsel competent and experienced in complex class action litigation, and counsel intends to vigorously prosecute this action.

44. <u>Predominance</u>: Pursuant to Rule 23(b)(3), common issues of law and fact identified above predominate over any other questions affecting only individual members of the Class. The Class issues fully predominate over any individual issues because no inquiry into individual conduct is necessary; all that is required is a narrow focus on Defendant's deceptive and misleading marketing and labeling practices.

45. <u>Superiority</u>: A class action is superior to the other available methods for the fair and efficient adjudication of this controversy because:

   a. The joinder of thousands of individual Class Members is impracticable, cumbersome, unduly burdensome, and a waste of judicial and/or litigation resources;

   b. The individual claims of the Class Members may be relatively modest compared with the expense of litigating the claims, thereby making it impracticable, unduly burdensome, and expensive—if not totally impossible—to justify individual actions;

    c. When Defendant's liability has been adjudicated, all Class Members' claims can be determined by the Court and administered efficiently in a manner far less burdensome and expensive than if it were attempted through filing, discovery, and trial of all individual cases;

    d. This class action will promote orderly, efficient, expeditious, and appropriate adjudication and administration of Class claims;

    e. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude their maintenance as a class action;

    f. This class action will assure uniformity of decisions among Class Members;

    g. The Class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitious litigation;

    h. Class Members' interests in individually controlling the prosecution of separate actions are outweighed by their interest in efficient resolution by a single class action; and

    i. It would be desirable to concentrate in this single venue the litigation of all Class Members who were induced by Defendant's uniform false advertising to purchase its Products.

46. Accordingly, this Class is properly brought and should be maintained as a class action under Rule 23(b)(3) because questions of law or fact common to Class Members predominate over any questions affecting only individual members, and because a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

## CAUSES OF ACTION

### COUNT I: BREACH OF IMPLIED WARRANTY OF MERCHANTIBILITY
### S.C. Code. Ann . §36-2-314

47.     Plaintiff incorporates all previous paragraphs as if fully set forth herein.

48.      S.C. Code Ann. §36-2-314 governs the implied warranty of merchantability in sales contracts. It provides that, unless excluded or modified, a warranty that goods shall be merchantable is implied if the seller is a merchant with respect to goods of that kind.

49.     The Defendant is a "seller" as contemplated by the governing statute and the Products are "goods" according to the statute.

50.     The capacitor on the Product was defective and presented a fire hazard to consumers who used the product as intended by having the Product overheat and potentially injuring consumers and their property.  As such, the defect rendered the Product unmerchantable.

51.     The Defect with Pressure Washer's capacitor rendered the Product "unmerchantable" at the time of sale. Such lack of merchantability is a breach of warranty

52.     This breach both factually and proximately caused damages to Plaintiff and the Class through their loss of funds and the deprivation of the benefit of the bargain.

53. Additionally, Plaintiff Hicks himself, experienced the defect firsthand as detailed in the previously incorporated paragraphs.

### COUNT II: UNJUST ENRICHMENT

54.     Plaintiff incorporates all previous paragraphs as if fully set forth herein.

55.     Plaintiff and the Class members assert this claim in equity or quasi contract should the court deem there is no other binding contract between the parties available that would

11

provide plaintiff with a remedy. The plaintiff (1) conferred a benefit on the defendant in the form of monetary payment either directly or through authorized third party retail outlets.; (2) the defendant had knowledge of the benefit by receiving monies for the units sold.; (3) the defendant voluntarily accepted and retained the benefit-indeed, even with this massive recall they are not offering a refund; and (4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value for it.

56. These benefits were not donations or gifts to Defendant; such benefits were given in exchange for the Products.

57. As a result of Defendant's wrongful and deceptive conduct alleged herein, Defendant knowingly and voluntarily accepted benefits from Plaintiff and Class Members.

58. In so doing, Defendant acted with conscious disregard for the rights of the Plaintiff and Class Members.

59. Plaintiff and Class Members paid for Products that were safe, and free from the Defect. Instead, Plaintiff and Class Members received Products that are unsafe and have the Defect.

60. As a result of Defendant's wrongful conduct as alleged herein, Defendant has been unjustly enriched at the expense of, and to the detriment of, Plaintiff and Class Members..

61 Defendant's unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

62. In light of the monetary benefit conferred upon the Defendant, its knowledge of numerous complaints regarding the defect, and its inadequate remedy to address the defect, having them retain the revenue received for the sale of the defective Products would be

inequitable and unjust.

63. Defendant should be compelled to disgorge in a common fund for the benefit of Plaintiff and Class Members all wrongful or inequitable proceeds received by them, plus interest thereon.

64. Plaintiff and the Class Members seek actual damages, attorneys' fees, costs and any other just and proper relief available under the laws.

## TOLLING OF THE STATUTE OF LIMITATIONS

65. The pressure washers were manufactured between July 2017 through June 2024.

66. Over the course of production, the Defendant received 135 reports of overheating that included 41 reports of expulsions and 32 injuries. Yet, despite this knowledge, the Defendant continued to sell the product for 7 years before issuing a recall.

67. The Defendant was in a position of superior knowledge, and the Plaintiff and Class Members could not have discovered the systemic defect but for the issuing of the Recall in August 2025.

68. As such, any applicable statute of limitations should be tolled accordingly.

## JURY DEMAND

69. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff and Class Members demand a trial by jury of all claims in this Complaint and of all issues in this action so triable as of right.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the Class Members, prays for judgment as follows:

    A. For an order certifying the Class and naming Plaintiff as the representative for the Class Members and Plaintiff's attorneys as Class Counsel;

B. For an order declaring that Defendant's conduct violates the causes of action referenced herein;

C. For an order finding in favor of Plaintiff and the Class Members on all counts asserted herein;

D. For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

E. For prejudgment interest on all amounts awarded;

F. For an order of restitution and all other forms of equitable monetary relief;

G. For injunctive relief as pleaded or as the Court may deem proper;

H. For an order awarding Plaintiff and the Class Members their reasonable attorneys' fees and expenses and costs of suit; and

I. For an order providing for all other such equitable relief as may be just and proper.

Dated: November 6, 2025.                    Respectfully Submitted,

/s/ Paul J. Doolitlle
Paul J. Doolittle, Esq.
SC Fed. Bar ID 6012
POULIN | WILLEY | ANASTOPOULO
32 Ann Street
Charleston, SC 29403
Telephone: (803) 222-2222
Fax: (843) 494-5536

*Attorney for Plaintiff & Proposed Class*